IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MAFAYETTE FIELDS,

               Plaintiff,

  v.

K. DEYOUNG, KERI NEWBURY,
UNIT MANAGER FRYE, CAPTAIN MORGAN,
HSU MANAGER MASHAK, DR. SYED,
M. DITTMAN, JON LITSCHER, JAMES GREER,
RYAN HOLZMACHER, and MARY MUSE,

               Defendants.

ORDER

16-cv-405-jdp

---

In this lawsuit, plaintiff Mafayette Fields alleges that prison officials improperly treated his foot problems by choosing ineffective treatment and by rejecting a doctor's prescribed accommodation for "soft top" shoes. Fields's claims concern his treatment by defendant Dr. Syed and the Special Needs Committee at the Columbia Correctional Institution (CCI). In particular, he alleges that the Department of Corrections maintains a Special Needs Committee policy allowing non-medical personnel to thwart the treatment recommendations of doctors. This order address several matters.

**A. Motion to amend complaint**

Fields was transferred to the Oshkosh Correctional Institution (OCI) during the pendency of this case. He has filed a motion for leave to amend his complaint, Dkt. 48, along with a proposed amended complaint, Dkt. 49, in which he seeks to raise claims about his treatment at OCI similar to those involving his time at CCI. He alleges that proposed new defendant Dr. Tannan forced him to use boots that he complained did not help with his pain, and that Tannan did not send him to see a specialist. He also alleges that defendants Betty

Katzur, Nancy Bowens, Terry Murphy, and Jean Patenaude served on the Special Needs Committee at OCI that denied him a lower bunk even though it was prescribed by Tannan. As with his CCI claims, I conclude that Fields states potential Eighth Amendment claims against Tannan for failing to provide him with adequate treatment, and against the Special Needs Committee defendants for ignoring the doctor's suggested treatment. He is already bringing official-capacity claims against high-level DOC officials about the Special Needs Committee's policy allowing non-medical personnel to thwart the treatment recommendations of doctors, and his new allegations support those claims as well.

The state opposes Fields's proposed amendment, stating that Fields could not have exhausted his OCI claims before filing his original complaint in this lawsuit. But this argument is undeveloped and does not address two possible exceptions to the exhaustion doctrine: the OCI claims might be considered part of continuing constitutional violations, *see Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("prisoners need not file multiple, successive grievances raising the same issue . . . if the objectionable condition is continuing"), and the court of appeals has suggested that there is an exception for claims that are discovered after the filing of the original complaint, *see Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005) (allowing a plaintiff to proceed on an amended complaint where plaintiff exhausted remedies after filing suit on new claims whose factual predicate was discovered after the original complaint was filed); *Cannon v. Washington*, 418 F.3d 714, 719–720 (7th Cir. 2005) (concluding that an inmate may amend his complaint to include claims that were not exhausted at the time that the original complaint was filed but that are exhausted by the time that an amended complaint is filed) (per curiam). So I will allow Fields to amend his complaint to include his OCI claims.

Defendants are free to raise a detailed exhaustion argument in a supplement to their previously filed motion for summary judgment.[1] I will set a new dispositive motions deadline below.

Fields also appears to be attempting to bring claims against the prison officials who shared his medical information with non-medical Special Needs Committee members. But I have previously concluded that these types of allegations do not support a viable claim under federal law, so I will not grant Fields leave to proceed on this set of claims. *See, e.g., Tyler v. Wick*, No. 14-cv-68-jdp, 2015 WL 1486506, at *7 (W.D. Wis. Mar. 31, 2015) (In his complaint, plaintiff cites the Health Insurance Portability and Accountability Act . . . but he cannot bring such a claim because HIPAA does not create a private cause of action or an enforceable right for purposes of a federal lawsuit.").

**B. Preliminary injunction**

Fields has filed a motion for preliminary injunctive relief, Dkt. 20, seeking an order directing the state to arrange for an examination by a podiatrist and a prescription for more comfortable shoes.

A preliminary injunction is "an extraordinary and drastic remedy" that should be granted only when the movant carries the burden of persuasion by a "clear showing." *Boucher v. Sch. Bd. of the Sch. Dist. of Greenfield*, 134 F.3d 821, 823 (7th Cir. 1998) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). To obtain injunctive relief, Fields must show that (1) he will suffer irreparable harm before the final resolution of his claim without a preliminary injunction; (2) traditional legal remedies are inadequate; and (3) his claims has some likelihood

---

[1] Fields filed materials opposing defendants' motion for summary judgment, and also filed a "motion to supplement" those filings with minor amendments to three of the pages of his brief, and an additional exhibit. I will grant that motion.

of success on the merits. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). If Fields makes this showing, he must further demonstrate that the balance of harms tips in his favor and that the public interest favors the injunctive relief. *Id.*

The Prison Litigation Reform Act limits the scope of preliminary injunctive relief in cases challenging prison conditions. Under the PLRA, the injunctive relief to remedy prison conditions must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). The PLRA also requires the court to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." Section 3626.

I will deny Fields's motion because he fails to show a likelihood of success on his claims about his current place of incarceration. His proposed findings of fact focus on events that occurred while he was incarcerated at CCI. In particular, he provides a declaration from another inmate stating that defendant Nurse DeYoung told him that she would never approve any footwear request made to the Special Needs Committee. This is evidence supporting Fields's claim against DeYoung, but there is no evidence suggesting that she is involved in any medical or Special Needs Committee decisions at OCI, where Fields is currently incarcerated. The materials provided by defendants show that Fields continues to be seen for treatment by defendant Tannan and others when he submits health service requests. And Fields does not present any evidence showing deliberate indifference on the part of the Special Needs Committee at OCI. So I will not take the relatively drastic step of intervening in his current medical treatment.

**C. Remaining schedule**

The current schedule does not leave the parties with enough time to supplement their summary judgment motions with materials regarding Fields's new OCI claims. In addition, defendants have filed a motion to stay the schedule. Dkt. 96. I will strike the current schedule and set a new one as follows:

Dispositive motions deadline: August 17, 2018

Discovery cutoff: October 29, 2018

Final pretrial submissions and disclosures: November 5, 2018

Pretrial submission responses: November 19, 2018

Final pretrial conference: December 3, 2018, at 8:30 a.m.

Trial: December 3, 2018, at 9:00 a.m.

ORDER

IT IS ORDERED that:

1. Plaintiff Mafayette Fields's motion to amend his complaint, Dkt. 48, is GRANTED. His amended complaint, Dkt. 49, is the operative pleading.

2. The clerk of court is directed to add defendants Dr. Tannan, Betty Katzur, Nancy Bowens, Terry Murphy, and Jean Patenaude to the caption.

3. The state may have until July 9, 2018, to inform the court whether it intends to represent the newly added defendants, and if the state is representing them, to file an amended answer on their behalf.

4. Fields is GRANTED leave to proceed on the following claims:

    - Eighth Amendment individual-capacity claims against defendants Syed, Newbery, Deyoung, Morgan, Frye, Greer, Holzmacher, Muse, Litscher, Mashak, Dittman, Tannan, Katzur, Bowens, Murphy, and Patenaude.

    - Eighth Amendment official-capacity claims against defendants Greer, Holzmacher, Muse, Litscher, Mashak, and Dittman.

5. Plaintiff's motion to supplement his materials in opposition to defendants' motion for summary judgment, Dkt. 83, is GRANTED.

6. Defendants' motion to stay the schedule, Dkt. 96, is GRANTED.

7. The schedule is amended as detailed above.

Entered June 19, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge